UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONGJOON CHOI, derivatively on behalf of PTC THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STUART W. PELTZ, SHANE KOVACS, MICHAEL SCHMERTZLER, RICHARD ALDRICH, ALLAN JACOBSON, ADAM KOPPEL, MICHAEL KRANDA, C. GEOFFREY MCDONOUGH, RONALD C. RENAUD, JR., DAVID P. SOUTHWELL, JEROME ZELDIS, and GLENN D. STEELE, JR.,<br><br>Defendants,<br><br>and<br><br>PTC THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No: 2:17-cv-07216-ES-MAH |
| NED KIM, derivatively on behalf of PTC THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STUART W. PELTZ, SHANE KOVACS, MICHAEL SCHMERTZLER, RICHARD ALDRICH, ALLAN JACOBSON, ADAM KOPPEL, MICHAEL KRANDA, C. GEOFFREY MCDONOUGH, RONALD C. RENAUD, JR., DAVID P. | Case No: 2:17-cv-08062-ES-MAH |

| |
|---|
| SOUTHWELL, JEROME ZELDIS, and GLENN D. STEELE, JR., <br><br>   Defendants, <br><br> and <br><br> PTC THERAPEUTICS, INC., <br><br>   Nominal Defendant. |

## STIPULATION AND ORDER TO CONSOLIDATE DERIVATIVE ACTIONS AND APPOINT CO-LEAD COUNSEL

Plaintiffs Yongjoon Choi ("Choi") and Ned Kim ("Kim") (collectively, "Plaintiffs"), nominal defendant PTC Therapeutics, Inc. ("PTC"), and defendants Stuart W. Peltz, Shane Kovacs, Michael Schmertzler, Richard Aldrich, Allan Jacobson, Adam Koppel, Michael Kranda, C. Geoffrey McDonough, Ronald C. Renaud, Jr., David P. Southwell, Jerome Zeldis, and Glenn D. Steele, Jr. (collectively, the "Individual Defendants," and together with nominal defendant PTC, "Defendants") submit this Stipulation and Order to Consolidate Derivative Actions and Appoint Co-Lead Counsel ("Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiffs Choi and Kim separately filed the above-captioned shareholder derivative lawsuits in this Court against Defendants, alleging the same causes of action and involving common questions of law and fact (the "Choi Lawsuit" and the "Kim Lawsuit," respectively);

WHEREAS, Defendants take no position on the appointment of lead counsel; and

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Choi Lawsuit and the Kim Lawsuit involve common legal and factual issues; thus, consolidation will promote efficiency and consistency. *See* Fed. R. Civ. P. 42(a);WHEREAS, The Rosen Law Firm, P.A. and The Brown Law Firm, P.C. have significant experience in complex shareholder litigation and derivative actions, are well capitalized, and are fully capable and prepared to pursue this derivative action. Copies of their resumes are annexed hereto as Exhibit 1 and Exhibit 2, respectively.

NOW THEREFORE, it is hereby stipulated by and between the undersigned that:

1. The undersigned counsel for the Defendants accept service of the summons and complaint in the Choi Lawsuit on behalf of all of the Individual Defendants as of November 21, 2017.

2. The undersigned counsel for the Defendants accept service of the summons and complaint in the Kim Lawsuit on behalf of all of the Defendants as of November 21, 2017.

3. The Choi Lawsuit and the Kim Lawsuit shall be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes, including trial, for they involve common questions of law or fact ("Consolidated Derivative Litigation").

4. The Consolidated Derivative Litigation shall be captioned *In re PTC Therapeutics, Inc. Derivative Litigation*, Civil Action No. 17-07216-ES-MAH.

5. Plaintiffs hereby designate the complaint filed in the Kim Lawsuit as the operative complaint in the Consolidated Derivative Litigation.

6. Unless otherwise ordered, the terms of this Order ("Order"), including pre-trial consolidation, shall apply to derivative actions later instituted in, transferred to, or coordinated with this Court that involve similar or related claims which involve a common question of law or fact or which arise from the same transaction or occurrence, or are otherwise deemed related to the Consolidated Derivative Litigation (a "Related Derivative Action"). If and when a Related Derivative Action is hereinafter filed in this Court or transferred to this Court, Co-Lead Counsel for Plaintiffs shall serve a filed-endorsed copy of this Order upon attorneys for the plaintiff(s) in the newly-filed or transferred action. Co-Lead Counsel for Plaintiffs shall also advise the attorneys for the plaintiff(s) in any Related Derivative Action that those attorneys must serve a copy of this Order on any new defendant(s) in the Related Derivative Action and file proof of service of this Order with the Court. Objections to consolidation or application of the other terms of this Order to the

Related Derivative Action shall be filed with the Court promptly, with a copy served on Co-Lead Counsel for Plaintiffs and counsel for Defendants. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Litigation shall apply to all Related Derivative Actions.

7. The Rosen Law Firm, P.A. and The Brown Law Firm, P.C. shall serve as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Litigation and all other Related Derivative Actions that have been filed in or transferred to this Court.

8. Co-Lead Counsel shall have sole authority to:

   a. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

   b. coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of the Federal Rules;

   c. conduct settlement negotiations on behalf of plaintiffs;

   d. delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;

   e. enter into stipulations and/or agreements with opposing counsel as necessary for the conduct of the litigation;

   f.  monitor the activities of all counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

   g.  perform such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court.

9. This Order shall remain in effect until further order of this Court.

AGREED as to form and content on this 29th day of November 2017:

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Ned Kim*

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Local Counsel for Plaintiff Yongjoon Choi*

/s/ Kate D. Seib
Kate D. Seib
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
kseib@goodwinlaw.com

Deborah S. Birnbach (*pro hac forthcoming*)
Adam Slutsky (*pro hac forthcoming*)
Katherine McKenney (*pro hac forthcoming*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel. : (617) 570-1000
Fax : (617) 523-1231
dbirnbach@goodwinlaw.com
aslutsky@goodwinlaw.com
kmckenney@goodwinlaw.com

Timothy W. Brown (*pro hac forthcoming*)
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Yongjoon Choi*

*Counsel for Nominal Defendant PTC Therapeutics, Inc. and Defendants Stuart W. Peltz, Shane Kovacs, Michael Schmertzler, Richard Aldrich, Allan Jacobson, Adam Koppel, Michael Kranda, C. Geoffrey McDonough, Ronald C. Renaud, Jr., David P. Southwell, Jerome Zeldis, and Glenn D. Steele, Jr.*

SO ORDERED this ___ day of January, 2018.

_____
HON. ESTHER SALAS, U.S.D.J.

- 7 -